**Robin BAUM, et al., Plaintiffs,**

v.

**Clayton YEUTTER, et al., Defendants.**

**No. C88–234A.**

United States District Court, N.D. Ohio, E.D.

Feb. 28, 1991.

Robert Harold Bonthius, Jr., Peter M. Iskin, Legal Aid Soc. of Cleveland, Cleveland, Ohio, for plaintiffs Robin Baum, Emma Detillion and Sheila Lawson.

Kathleen Ann Sutula, Michael Anne Johnson, Alexander A. Rokakis, Office of the U.S. Atty., Cleveland, Ohio, for Clayton Yeutter.

Alan P. Schwepe, Office of the Atty. Gen., Columbus, Ohio, for defendant Ohio Dept. of Human Services, Director Roland T. Hairston.

Kent M. Graham, Office of the Pros. Atty., Ravenna, Ohio, for defendant Portage County Dept. of Human Services, Adm'r John J. Witkosky.

MEMORANDUM OPINION

DOWD, District Judge.

## I. INTRODUCTION.

On June 29, 1990, 750 F.Supp. 845, the Court issued its Memorandum Opinion and Judgment Entry granting plaintiffs' motion for summary judgment on their claim that for purposes of determining food stamp allocations, the Secretary of Agriculture and the state and county defendants have improperly treated the utilities reimbursement check that plaintiffs receive as tenants in federally assisted public housing projects as income in violation of 7 U.S.C. § 2014(d)(1).

Three issues remain for the Court's resolution. Initially, the Court must decide whether plaintiffs are entitled to an award of retroactive relief in addition to the prospective remedy in the form of an injunction. Second, a plan must be drawn to implement the relief resulting from the Court's ruling. Finally, the Court has for its consideration plaintiffs' motion for class certification, to which the defendants have tendered their opposition.[1]

The Court conducted a hearing on these remaining issues and the parties have provided the Court with supplemental briefs concerning their respective positions.

For the reasons that follow, the Court holds that plaintiffs are not entitled to an award of retroactive benefits. Further, because only prospective relief is granted in this case, the plaintiffs' motion for class certification is denied. Finally, the Court discusses *infra* the procedures for implementing the prospective relief in this case.

## II. DISCUSSION.

### A. *Retroactive relief.*

Plaintiffs assert that they are entitled to a retroactive award of benefits pursuant to 7 U.S.C. § 2023(b) and against the state and county defendants pursuant to 7 U.S.C. § 2020(p). Section 2023(b) provides as follows:

> (b) In any judicial action arising under this chapter, any food stamp allotments found to have been wrongfully withheld shall be restored only for periods of not more than one year prior to the date of the commencement of such action, or in the case of an action seeking review of a final State agency determination, not more than one year prior to the date of the filing of a request with the State for the restoration of such allotments or, in either case, not more than one year prior to the date the State agency is notified or otherwise discovers the possible loss to a household.

Section 2020(p) provides as follows:

> When a State agency learns, through its own reviews under section 2025 of this title or other reviews, or through other sources, that it has improperly denied, terminated, or underissued benefits to an eligible household, the State agency shall promptly restore any improperly de-

---

**1.** By previous Order, the Court informed the parties that the class certification issue would be decided as needed following resolution of the parties competing motions for summary judgment (Docket # 109).

nied benefits to the extent required by subsection (e)(11) of this section and section 2023(b) of this title, and shall take other steps to prevent a recurrence of such errors where such error was caused by the application of State agency practices, rules or procedures inconsistent with the requirements of this chapter or with regulations or policies of the Secretary issued under the authority of this chapter.

Defendants argue that retroactive relief, either to these individual plaintiffs or on a classwide basis if the motion for class certification is granted, should be denied because plaintiffs have consistently sought only prospective declaratory and injunctive relief. According to defendants, although the plaintiffs argued in their briefs that plaintiffs would be entitled to an award of retroactive benefits, the failure to include that prayer in their pleadings prevents recovery of retroactive benefits. *United States v. 47 Bottles of Water, More or Less,* 320 F.2d 564 (3rd Cir.1963). *See also* Fed.R.Civ.P. 38.

Plaintiffs argue that the following paragraph in the complaint, amended complaint and in the complaint in intervention states a prayer for retroactive benefits:

Issue preliminary and permanent injunctions restraining the defendants, their successors in office, agents, employees, and all others in active concert or participation with them, from counting utility reimbursement payments as income in determining the food stamp eligibility or allotments of plaintiff or any member of her class, and from failing to correct underissuances of food stamp allotments to plaintiff and members of her class which have resulted from the defendants, policy and practice that is herein enjoined;

The Court finds that it need not decide whether plaintiffs' prayer for relief in its second amended complaint and complaint in intervention fails to contain a request for retroactive benefits.[2] Even if the plaintiffs have sought retroactive benefits in their prayer for relief, the Court finds that plaintiffs would not be entitled to an award under either 7 U.S.C. § 2023(b) or 7 U.S.C. § 2020(p). As against the state and county defendants, the Court finds that for the reasons stated in *Cotton v. Mansour,* 863 F.2d 1241 (6th Cir.1988), an award of retroactive benefits against the state and county defendants is barred by the Eleventh Amendment. As against the Secretary of Agriculture, § 2023(b) authorizes a retroactive award of food stamps. However, the Court holds that 7 U.S.C. § 2023(b) does not specifically require an award of retroactive benefits but limits the amount of an award if the Court concludes that a retroactive award is appropriate. Further, although there is inconclusive legislative history on the congressional intent behind § 2023(b), the equities weigh against an award of retroactive benefits in this case. According to the defendants, the anticipated cost of performing the administrative review necessary to determine an award of retroactive benefits to the plaintiffs' proposed class would exceed $3,200,-000.[3] As the Sixth Circuit stated in *Cotton v. Mansour:*

Finally, we are not persuaded that the equities ultimately lie in favor of a retroactive award. Presumably, the State has a definable allocation of monies to be used in the payment of public aid benefits. An award of retroactive benefits that results in liability of the State for administrative expenses will reduce the availability of funds for the continuing obligations of public assistance programs.... The purpose of the food

---

**2.** In its previously published Memorandum Opinion, the Court stated that plaintiffs sought retroactive relief as well as prospective injunctive relief. However, the June 25, 1990 Memorandum Opinion discussed the remedy issue in only a general sense, and at that time, the Court was not considering the specific elements of plaintiffs' remedy, which the Court contemplated as the subject matter for this order.

**3.** It remains unclear how many individuals in Ohio who receive federal housing assistance are also receiving a utility reimbursement payment and food stamps although counsel for the state defendants estimated that the number may be as high as 18,000 individuals.

stamp program is to enable families to obtain a nutritionally adequate diet. As a practical matter, that goal may not be fulfilled retroactively. Therefore, an award of relief for past errors would be compensatory rather than remedial in nature. Policy considerations strongly suggest that the distribution of limited resources to those presently in need of food stamp assistance better serves the purposes of the Act than an award to persons whose circumstances may have been improved in the interim period.

*Id.* at 1247, *quoting from Colbeth v. Wilson,* 554 F.Supp. 539, 546 (D.Vt.1982), *aff'd sub nom., Colbeth v. O'Rourke,* 707 F.2d 57 (2nd Cir.1983). For the foregoing reasons, the Court holds that plaintiffs are not entitled to an award of retroactive benefits.[4]

**B.** *Class certification.*

Plaintiffs have filed a motion for class certification pursuant to Fed.R.Civ.P. 23(b)(2) and the issue has been extensively briefed by the parties. Plaintiffs now seek to define their class to apply to

all Ohio residents of federally assisted rental housing who have been or are receiving or will receive utility reimbursement payments and whose food stamp allotments, at any time since January 27, 1987, have been, are, or will be reduced, terminated, or denied because their utility reimbursement payments have been, are, or will be counted as income for purposes of the Food Stamp Program.

*See Plaintiffs Supplemental Brief in Support of Class Certification,* at 3 (Docket # 118).

▮ The defendants oppose class certification and argue that by denying an award of retroactive relief, the injunctive and declaratory relief to be instituted in the future will automatically accrue to the benefit of all of the proposed class members. The Court agrees. In *Craft v. Memphis Light, Gas and Water Division,* 534 F.2d 684, 686, *aff'd on other grounds,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), the

Sixth Circuit upheld the district court's denial of plaintiffs' motion for class certification in an action challenging the constitutionality of the municipal utility's policies pertaining to terminating and refusing to connect utility services. In that case, the Court of Appeals agreed with the district court that no useful purpose would be served by permitting the case to proceed as a class action because the remedy sought would accrue to the members of the proposed class simply by virtue of a ruling favorable to plaintiffs. *Id.* For similar reasons, the Court denies plaintiffs' motion for class certification because the plaintiffs' remedy will benefit the proposed class by issuance of the prospective relief and no useful purpose would be served by granting plaintiffs motion for class certification. *See Elam v. Barry,* 656 F.Supp. 140 (S.D.Ohio 1986).

**C.** *Prospective relief.*

The Court granted summary judgment in favor of the plaintiffs based on the premise that the defendants should not count as income the plaintiffs' utility reimbursement payments that do "not exceed the actual amount spent on utilities in a given month." Memorandum Opinion, 750 F.Supp. at 848 (footnote omitted).

▮ In terms of fashioning injunctive relief, the Secretary interprets this definition as completely excluding those individuals who receive a utility reimbursement check that exceeds their actual utility expenses from any relief even as to the amounts those individuals actually spent on utilities. Defendant Yeutter's Brief in Opposition to Plaintiff's Post–Hearing Brief on Class Certification and Relief, Docket # 127, at 2 and Exhibit A, attached as Appendix I. Although it may have been unclear from the previous opinion, the Court means that *any use* of the utility reimbursement payment as income for purposes of determining an income level for allotting food stamps is impermissible where a food stamp recipient receives a utility reimbursement payment *to the extent* that the recipient actually spends money on utilities.

---

**4.** As described *infra,* plaintiffs are entitled to an award of prospective relief.

As shown in Appendix I, with regard to individuals who receive more by a way of a reimbursement than they actually spend on utilities, the Court intended that those individuals would be entitled to relief for actual expenditures but would also permit the defendants to include as income those amounts that go above the line of actual utility costs.

The most appropriate time to conduct a file review for active food stamp recipients to determine whether they will be eligible for relief under the Court's decree does not appear to be in dispute, as the plaintiffs and the defendant State of Ohio agree that reviews of food stamp recipients files to determine whether they are entitled to relief should be performed during the food stamp recipients annual or semiannual recertification period or when the recipient visits the county department of human services to report a change in financial circumstances that may alter the benefits the recipient is awarded.

At the time of the hearing, the Court was under the impression that implementing prospective relief would not be cumbersome. However, it is still unclear to the Court how the actual computation of monies actually spent on utility expenses versus monies received that may be in excess of actual utility expenses will be reflected on recipient's monthly allotment of food stamps. The parties are hereby ordered to meet in an attempt to draft the terms of a plan for implementing a prospective remedy consistent with the relief ordered in the above-captioned case and submit the plan to the Court by March 15, 1991. In the event that the parties are unable to agree upon the terms of the plan, the Court grants the plaintiffs leave until March 22, 1991 to file their version of a plan to implement prospective relief and the defendants leave to file their version of a plan to implement relief until March 29, 1991. The issues in this case have been hotly contested and the Court is aware both parties may wish to appeal the Court decision. Accordingly, the Court will withhold issuance of a final judgment entry granting relief in this case until a plan for implementation of prospective relief has been approved.

## III. CONCLUSION.

For the foregoing reasons, the plaintiff's application for retroactive relief is denied and the plaintiff's motion for class certification is denied. Further, the parties shall submit a plan or plans for prospective relief in accordance with the terms described herein. Finally, the Court will withhold issuance of a final judgment entry granting relief in this case until a plan for implementation of prospective relief has been approved.

IT IS SO ORDERED.

## APPENDIX I
## <u>Conflicting Definitions of Class</u>

TENANT'S UTILITY COST

Class Size as Defined
By the Court

Class Size as Defined
By the Plaintiffs

 Utility Reimbursement Check Less Than Utility Cost

 Utility Reimbursement Equal To Utility Cost

 Utility Reimbursement Check Greater Than Utility Cost

GOVERNMENT EXHIBIT
A
PENGAD-Bayonne, N.J