**Robin BAUM, et al., Plaintiffs,**

**v.**

**Edward R. MADIGAN, Secretary of Agriculture, et al., Defendants.**

**No. C88–0234A.**

United States District Court, N.D. Ohio, E.D.

July 31, 1991.

Robert Harold Bonthius, Jr., Peter M. Iskin, Legal Aid Soc. of Cleveland, Cleveland, Ohio, for plaintiffs.

Kathleen Ann Sutula, Michael Anne Johnson, Alexander A. Rokakis, Office of U.S. Atty., Cleveland, Ohio, for Dept. of Agriculture, Secretary, Clayton Yeutter.

Alan P. Schwepe, Office of Atty. Gen., Columbus, Ohio, for Ohio Dept. of Human Services, Director, Kathryn T. Glynn.

Kent M. Graham, Roxana R. Lyle, Office of Pros. Atty., Ravenna, Ohio, for Portage County Dept. of Human Services, Adm'r, John J. Witkosky.

## MEMORANDUM OPINION

DOWD, District Judge.

### I. INTRODUCTION.

The plaintiffs in this case claim that the defendants, the Secretary of Agriculture as well as state and local officials, improperly treated the utility reimbursement checks the plaintiffs receive as tenants in federally assisted public housing as income which led to a reduction in the plaintiffs' award of food stamps. In a Memorandum Opinion issued June 29, 1990 and published at 750 F.Supp. 845 (N.D.Ohio 1990) ("*Baum I*"), the Court agreed. Thereafter, the Court denied plaintiffs' motion for class certification, denied plaintiffs' application for an award of retroactive relief, and directed the parties to submit "a plan for implementing a prospective remedy consistent with the relief ordered in the above-captioned case." *Memorandum Opinion and Order*, 758 F.Supp. 423, 427 (N.D.Ohio 1991) ("*Baum II*").

Before the Court are two proposed plans to provide for an award of prospective relief in this case, one filed by the defendant Madigan (Appendix A) and the other filed by the remaining parties (Appendix B). For the reasons that follow, the Court will approve the plan submitted by the plaintiffs and state local defendants in this case and incorporate that plan into a final judgment entry.

### II. DISCUSSION.

As the parties acknowledge, there is no dispute as to most of the proposed plans' terms of relief. Under the plans, the defendants will no longer include utility reimbursement payments as income unless the reimbursement amount exceeds a tenant-recipient's actual utility expenses. In order to account for utility reimbursement

payments that exceed actual expenses, the defendants shall use a procedure to "prospectively budget" for the food stamp eligibility certification period any amounts as income that will exceed the anticipated utility expenses to be incurred by the tenant-recipient during the certification period.[1] The calculation shall be made by the defendants when those food stamp recipients entitled to relief by this case are certified to receive food stamp benefits or "at any appropriate occasion preceding that certification."

The plans also provide that within thirty days after the filing of a court-approved remedy plan, the state defendants shall "identify and track" and "maintain" the case records of all tenant-recipients eligible for an award of benefits as a result of this decision. Within sixty days after the filing of a court-approved remedy plan, the state and local defendants shall provide tenant-recipients with written notice of the Court's order and shall provide the benefits ordered by the Court. It is also agreed that in the event of an appeal, the decision of this Court shall be stayed pending a resolution of the appeal.

The plans, however, differ in two regards. The plan agreed to by the plaintiffs and the state and local defendants provides that those entitled to relief under this order accrue those benefits as of the date of this order, notwithstanding the fact that defendants are not required to notify those eligible for benefits under the order until sixty days after the Court-approved plan has been filed. The Secretary of Agriculture argues that the other plan will result in an award of retroactive benefits in a manner not intended by the Court's *Memorandum Opinion* in *Baum II*.

The Court finds that the Secretary's objections are not well-taken. In *Baum II*, the Court denied any award of benefits which accrued before a final decision by the Court. One reason for not awarding retroactive benefits is that it " 'will reduce the availability of funds for the continuing obligations of public assistance pro-

---

1. As the Court noted in its previous Memorandum Opinion, food stamp recipients are certified to receive food stamps on an annual or semi-annual basis. *Baum II*, 758 F.Supp. at 427.

grams.'" *Cotton v. Mansour*, 863 F.2d 1241, 1247 (6th Cir.1988), *quoting from Colbeth v. Wilson*, 554 F.Supp. 539, 546 (D.Vt.1982) *aff'd sub nom., Colbeth v. O'Rourke*, 707 F.2d 57 (2nd Cir.1983). However, the Court's entry of a final judgment and plan for relief in this case is the starting date for a finding of defendants' erroneous practice of including utility reimbursement payments as income to the extent such payments do not constitute actual income to the recipient. Thus, food stamp recipients affected by this Court's decision become entitled to an award of benefits as of the date the plan for relief is filed and the plaintiffs' and state and local defendants' plan correctly accounts for this entitlement to benefits.

The Secretary also argues that if an appeal is taken, no benefits should accrue during the pendency of the appeal, taking the position that to pay such benefits would result in the payment of a retroactive award of benefits. Again, the Court disagrees. Fed.R.Civ.P. 62(d) provides that the Court may order a stay of the judgment pending appeal and in this case, the parties have agreed that a stay of the judgment would be appropriate until the appeal is resolved. However, a stay pending appeal, if the Court is affirmed, tolls the enforceability of a judgment but does not negate the existence of the judgment during the appeal. *See, e.g.,* 28 U.S.C. § 1961 ("Interest shall be calculated on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."). The Secretary also states his concern related to the expense of awarding benefits to tenant-recipients well after entitlement to those benefits has come due. However, unlike the situation involving an award of benefits before the Court's final decision on the matter, the defendants are in a position to foresee the expense associated with the benefits that will accrue to tenant-recipients if the Court is affirmed. Further, as counsel for the plaintiffs stated at the July 25, 1990 hearing, there are procedures available to ensure that improperly withheld payments are paid over time

to recipients to avoid any problems that may attend payment of benefits in a lump sum. *July 25, 1990 Hearing,* Tr. at 18 (docket # 128).

Accordingly, the Court adopts the plan submitted by the plaintiffs and state and local defendants without imposing a stay upon the accrual of benefits during the pendency of the appeal.

### III.

For the foregoing reasons, the Court hereby incorporates the plan for prospective relief as submitted and agreed to by the plaintiffs and state and local defendants into a final Judgment Entry filed contemporaneously with this Memorandum Opinion.

IT IS SO ORDERED.

### APPENDIX A

In the United States District Court

For the Northern District of Ohio

Eastern Division

Robin Baum, et al., Plaintiffs,

v.

Edward R. Madigan, Secretary of Agriculture, et al., Defendants.

Civil Action No. C88–234A

**DEFENDANT MADIGAN'S PROPOSED IMPLEMENTATION ORDER**

Judge DAVID D. DOWD, Jr.

Pursuant to the Memorandum and Opinion (Docket No. 132), filed February 28, 1991 [758 F.Supp. 423], the Court hereby orders, the following plan for implementation of prospective relief with respect to applicants and recipients in the Food Stamp Program in Ohio who are tenants in federally-assisted rental housing in either the public housing or the section 8 program and who receive utility reimbursement payments (hereinafter, "tenant-recipients").

1. Defendants Madigan and Wallace shall determine the amount, if any, of a

tenant-recipient's utility reimbursement payments that shall be treated as income in the Food Stamp Program in Ohio as follows:

A. At certifications, defendants Madigan and Wallace shall treat as income and prospectively budget for the certification period the amount, if any, by which the anticipated utility reimbursement payments that a tenant-recipient will receive during the certification period will exceed the anticipated utility expenses that the tenant-recipient will incur during the certification period. Households containing a tenant-recipient shall not be assigned shortened certification periods based solely on their receipt of utility reimbursement payments.

B. Beginning thirty (30) days after the filing of this Order by the Court, Defendant Wallace shall identify and track all tenant-recipients at certifications and other appropriate occasions, and shall maintain and preserve the case records of all tenant-recipients.

C. Defendant Wallace shall begin to implement the policy set forth in paragraph 1A for each tenant-recipient at the first certification of the tenant-recipient that is sixty (60) or more days after the filing of this Order by the Court, or at any appropriate occasion preceding that certification. At that first certification or other appropriate occasion, Defendant Wallace shall provide the tenant-recipient with written notice of this Order.

2. If any party appeals this Court's Memorandum Opinion (Docket No. 116) and Judgment Entry (Docket No. 117), filed June 29, 1990 [750 F.Supp. 845], that there shall be a stay pending a decision on appeal of paragraphs 1.A and 1.C.

3. In implementing this Order and/or during the pendency of any appeal in this case, Defendant Wallace shall be entitled to his normal reimbursement of administrative costs from Defendant Madigan, as specified in 7 U.S.C. § 2025(a) and 7 C.F.R. § 277.4 (1990), for all necessary and reasonable administrative expenses incurred in connection with his obligations under this Order.

4. Defendant Wallace may submit to Defendant Madigan a request for a waiver permitting him to exclude from income, in all cases, the entire amount of the utility reimbursement payments that tenant-recipients receive. Defendant Madigan shall consider the waiver request in accordance with 7 U.S.C. § 2022(a) and 7 C.F.R. § 272.-3(a) (1990), including any motion for reconsideration. If defendant Madigan approves the waiver request, Defendant Wallace may move the Court to amend this Order so as to permit him to implement the waiver. Defendant Wallace shall provide plaintiffs' attorneys with a copy of any waiver request. Defendant Madigan shall provide plaintiffs' attorneys with a copy of the final decision on any waiver request.

5. Defendant Witkowsky shall administer the Food Stamp Program in Portage County consistent with the foregoing provisions, as directed by Defendant Wallace.

---

JUDGE

## APPENDIX B

United States District Court

Northern District of Ohio

Eastern Division

Robin Baum, et al., Plaintiffs,

vs.

Edward R. Madigan, et al., Defendants.

Case No. C88–234A

ORDER

Judge DAVID D. DOWD, Jr.

Pursuant to the Memorandum and Opinion (Docket No. 132), filed February 28, 1991 [758 F.Supp. 423], the Court hereby orders the following plan for implementation of prospective relief with respect to applicants and recipients in the Food Stamp Program in Ohio who are tenants in federally-assisted rental housing in either the public housing or the section 8 program and who receive utility reimbursement payments (hereinafter, "tenant-recipients").

1. Defendants Madigan and Wallace shall determine the amount, if any, of a

tenant-recipient's utility reimbursement payments that shall be treated as income in the Food Stamp Program in Ohio as follows:

A. At certifications, Defendants Madigan and Wallace shall treat as income and prospectively budget for the certification period the amount, if any, by which the anticipated utility reimbursement payments that a tenant-recipient will receive during the certification period will exceed the anticipated utility expenses that the tenant-recipient will incur during the certification period. Households containing a tenant-recipient shall not be assigned shortened certification periods based solely on their receipt of utility reimbursement payments.

B. Beginning thirty (30) days after the filing of this Order by the Court, Defendant Wallace shall identify and track all tenant-recipients at certifications and other appropriate occasions, and shall maintain and preserve the case records of all tenant-recipients.

C. Defendant Wallace shall begin to implement the policy set forth in paragraph 1.A. for each tenant-recipient at the first certification of the tenant-recipient that is sixty (60) or more days after the filing of this Order by the Court, or at any other appropriate occasion preceding that certification. At that first certification or other appropriate occasion, Defendant Wallace shall provide the tenant-recipient with written notice of this Order and shall promptly restore to the tenant-recipient all of the Food Stamp coupons that the tenant-recipient is entitled to receive under this Order, retroactive to the date of the filing of this Order by the Court.

2. If any party appeals this Court's Memorandum Opinion (Docket No. 116) and Judgment Entry (Docket No. 117), filed June 29, 1990 [750 F.Supp. 845] during the pendency of the appeal, there shall be a stay of paragraphs 1.A. and 1.C.

3. Defendant Wallace shall be entitled to his normal reimbursement of administrative costs from Defendant Madigan, as specified in 7 U.S.C. 2022(a) and 7 C.F.R. § 277.4 (1990), for all necessary and reasonable administrative expense incurred with his obligations under this Order. Defendant Madigan shall not seek to recoup from Defendant Wallace the value of any food coupons issued or administrative expenses incurred, pursuant to implementation of the terms of this Order, which are otherwise properly issued or incurred under applicable federal statutes or regulations.

4. Defendant Wallace may submit to Defendant Madigan a request for a waiver permitting him to exclude from income, in all cases, the entire amount of the utility reimbursement payments that tenant-recipients receive. Defendant Madigan shall consider the waiver request in accordance with 7 U.S.C. § 2025(a) and 7 C.F.R. § 272.-3(a) (1990), including any motion for reconsideration. If Defendant Madigan approves the waiver request, Defendant Wallace may move the Court to amend this Order so as to permit him to implement the waiver. Defendant Wallace shall provide plaintiffs' attorneys with a copy of any waiver request. Defendant Madigan shall provide plaintiffs' attorneys with a copy of the final decision on any waiver request.

5. Defendant Witkowsky shall administer the Food Stamp Program in Portage County consistent with the foregoing provisions, as directed by Defendant Wallace.

IT IS SO ORDERED.

DATE

1990

DAVID D. DOWD, JR.
United States District Judge