Thomas M. RETTIG; Eva O. Rettig,
Plaintiffs-Appellees,
Cross-Appellants,

v.

KENT CITY SCHOOL DISTRICT, et al., Defendants-Appellants,
Cross-Appellees.

Nos. 84–3167, 84–3187.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 25, 1985.

Decided March 10, 1986.

Dennis M. Whalen, G. Frederick Compton, Jr. (argued), Dennis M. Whalen Co., L.P.A., Cuyahoga Falls, Ohio, B. Douglas Anderson (argued) Asst. Atty. Gen., Columbus, Ohio, for defendants-appellants, cross-appellees.

Thomas M. Rettig and Eva O. Rettig, pro se.

Before KRUPANSKY and MILBURN, Circuit Judges, and JOINER, District Judge *.

KRUPANSKY, Circuit Judge.

Appellant-Cross Appellee Kent City School District and Appellees-Cross-Appellants Thomas and Eva Rettig appeal from the district court's final order in this action which was initiated pursuant to the Education for All Handicapped Children Act of 1975. (EHCA or Act) 20 U.S.C. § 1400 *et seq.*

Thomas Rettig (Thomas) is a twenty year old handicapped child who manifests symptoms of autism. Thomas has, for a number of years, and is currently receiving special education services in the Kent City School District. He will continue to receive this special education until he is twenty-two years of age.

In February of 1978, Thomas' parents (Rettigs) requested a due process hearing pursuant to the EHCA, questioning the validity of the special education their son was receiving in the Kent City School District. In a comprehensive opinion dated April 30, 1979, a state-appointed impartial hearing officer concluded that the Kent City School District was providing Thomas with a "free appropriate public education" as required by the Act. The State Board of Education affirmed the hearing officer's opinion.

Thereafter, Thomas and his mother, Eva O. Rettig, commenced this action seeking review of the state decision pursuant to 20 U.S.C. § 1415(e)(2), asserting violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and alleging constitutional infringements pursuant to 42 U.S.C. § 1983. After a trial on the merits, the district court, 539 F.Supp. 768, upheld the administrative hearing officer's decision and concluded that the plaintiffs had failed to prove their

* Hon. Charles W. Joiner, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

asserted constitutional infringements. The lower court did, however, direct the Kent City School District to incorporate one hour of extracurricular activities each week in Thomas' 1981–82 Individualized Educational Plan (IEP).

The Rettigs appealed the trial court's decision, insisting that Thomas was being denied an appropriate free education. The Kent City School District cross-appealed from the lower court's order mandating the district to afford Thomas one hour of extra-curricular activities per week. This court, 720 F.2d 463, vacated that part of the district court's judgment concerning the extra-curricular activities to be made available to Thomas each week and remanded that single issue to the trial court for further consideration in light of the Supreme Court's decision in *Board of Education of Hendrick Hudson Central School District v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). In all other respects, this court affirmed the district court's judgment.

On January 26, 1984, the district court decided that the matter had become moot as it concerned Thomas because the earlier order granted relief for a time period, the 1981–82 school year, which had "long since concluded", but nonetheless, reaffirmed its earlier decision ordering one hour of extra-curricular activities per week. This appeal and cross-appeal followed.

■ Of initial concern to this court is the threshold issue of subject matter jurisdiction. Article III grants the federal courts jurisdiction over cases and controversies. To satisfy the case or controversy requirement, an actual controversy must exist at all stages of review, and not simply on the date the action is initiated. *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 *reh'g denied*, 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973).

The issue of mootness must, however, be considered by applying the doctrine of "capable of repetition, yet evading review" as enunciated in *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

■ The capable-of-repetition rule applies in exceptional situations where the named plaintiff can support a reasonable showing that he will be again subjected to the complained of conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) *citing DeFunis v. Odegaard*, 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974).

In *Board of Education of the Hendrick Hudson School District v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), the Supreme Court reviewed, under the provisions of the EHCA, a handicapped child's IEP for a schoolyear that had previously expired. Noting that the protracted period required to exhaust judicial review in most instances exceeds nine months, the Court stated that a federal court retained jurisdiction to grant relief pursuant to the EHCA where the alleged deficiencies in the IEP were "capable of repetition *as to the parties before it* yet evading review." *Rowley*, 458 U.S. at 186 n. 9, 102 S.Ct. at 3040–41 n. 9 (emphasis added).

■ As a handicapped child, Thomas is entitled to a public education under Ohio law until he attains the age of twenty-two. *See, e.g.*, Ohio Rev.Code §§ 3323.01(A) and 3323.07. At oral argument, counsel for the Kent City School District indicated that the school district would comply with the mandate of the Ohio statute. Accordingly, the issue of providing Thomas with one hour of extracurricular activities each week for the period of the School District's statutory mandate remains a viable issue that is capable of repetition, yet evading review. Because this case falls within a clearly defined exception to the mootness doctrine, this court invokes its jurisdiction to consider the substantive issue presented herein.

In disposing of the merits joined by this Court's mandate of August 25, 1981, the district court reaffirmed its previous order requiring that Thomas be afforded one hour of extra-curricular activities per week and concluded that its earlier disposition of the issue was correct and came within the pronouncements of the Supreme Court's

decision in *Board of Education of the Hendrick Hudson School District v. Rowley,* 458 U.S. 176, 203, 102 S.Ct. 3034, 3049, 73 L.Ed.2d 690 (1982).

The district court reasoned that 34 C.F.R. § 300.306, the regulation which addresses the subject of extra-curricular activities, was valid under *Rowley.* That regulation provides:

> (a) Each public agency shall take steps to provide nonacademic and extra-curricular services and activities in such manner as is necessary to afford handicapped children an *equal opportunity for participation in those services and activities.*
>
> (b) Nonacademic and extra-curricular services and activities may include counseling services, athletics, transportation, health services, recreational activities, special interest groups or clubs sponsored by the public agency, referrals to agencies which provide assistance to handicapped persons, and employment of students, including both employment by the public agency and assistance in making outside employment available.

The school district, however, argues that the regulation is invalid pursuant to the teachings of *Rowley* insofar as it mandates "equal opportunity" for participation in extra-curricular activities.

In *Rowley,* the parents of a deaf child brought suit under the EHCA insisting that their daughter should have been provided with a qualified sign language interpreter in all of her academic classes. Although the trial court found that the child was performing better than the average child in her class, it nonetheless concluded that the child had not been receiving a "free appropriate public education" because she had not been performing as well academically as she would have if she were not deaf. The Supreme Court reversed the judgment of the district court, concluding that the EHCA did not mandate state public education systems to ensure that each handicapped child be provided with special education services which maximize the handicapped child's potential commensu-

rate with the opportunity provided to other children.

The *Rowley* Court indicated that by enacting the EHCA, "Congress sought primarily to identify and evaluate handicapped children and to provide them with access to a free public education." 458 U.S. at 200, 102 S.Ct. at 3048. The Court reasoned that a state could meet its obligation to provide a handicapped child with a free appropriate public education "by providing personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction." *Id.* at 203, 102 S.Ct. at 3049. The Court further said that a handicapped child's IEP met the Act's substantive standards when it was "reasonably calculated to enable the child to receive educational benefits." *Id.* at 207, 102 S.Ct. at 3051.

■ After declaring that Congress had not intended to achieve "strict equality of opportunity or services" through the EHCA, the Court opined:

> The educational opportunities provided by our public school systems undoubtedly differ from student to student, depending upon a myriad of factors that might affect a particular student's ability to assimilate information presented in the classroom. The requirement that States provide "equal" educational opportunities would thus seem to present an entirely unworkable standard requiring impossible measurements and comparisons. Similarly, furnishing handicapped children with only such services as are available to nonhandicapped children would in all probability fall short of the statutory requirement of "free appropriate public education"; to require, on the other hand, the furnishing of every special service necessary to maximize each handicapped child's potential is, we think, further than Congress intended to go. Thus to speak in terms of "equal" services in one instance gives less than what is required by the Act and in another instance more. The theme of the Act is "free appropriate public education," a phrase which is too complex to be cap-

tured by the word "equal" whether one is speaking of opportunities or services. *Id.* at 198–99, 102 S.Ct. at 3047. Accordingly, the Act does not absolutely require that a handicapped child be provided each and every special service available to non-handicapped children. Rather, the applicable test under *Rowley* is whether the handicapped child's IEP, when taken in its entirety, is reasonably calculated to enable the child to receive educational benefits.

 34 C.F.R. § 300.306, relied upon by the district court to mandate "an equal opportunity for participation in ... [extracurricular] activities", requires strict equality of opportunity, and accordingly is in conflict with the pronouncements of *Rowley.*

Plaintiffs argue that the extra-curricular requirement imposed by the district court can be independently supported because the requirement was necessary to permit Thomas to benefit from his educational program. The Rettigs contend that Thomas' "free appropriate public education" should include activities required to assist him to "benefit from special education." 20 U.S.C. § 1401(17). However, the state appointed hearing officer determined that because of Thomas' "sporadic and recurring behavior, including, regurgitation, lack of interest, self-stimulating activities and bladder accidents," he was unable to significantly benefit from extra-curricular programs. Accordingly, the school district was not obligated to provide extra-curricular activities from which Thomas would receive no significant educational benefit.

In their cross-appeal, the plaintiffs advance several issues that were fully litigated in the 1981 district court proceedings and have been previously resolved on appeal to this court and the United States

Supreme Court. Accordingly, the Rettigs' cross-appeal is hereby dismissed.[1]

For the reasons stated herein, the judgment of the district court is REVERSED.

---

1. On March 12, 1985, the Kent City School District filed a motion to strike the joint appendix filed by the Rettigs and for leave to file a supplemental appendix. In an order dated May 2, 1985, this court denied the motion to strike, granted the school district leave to file a supplemental appendix, and referred to this panel defendant's motion to assess the costs of preparing the supplemental appendix to the Rettigs. Because the relevant documents contained in the supplemental appendix were also incorporated in the joint appendix, defendants' motion is hereby overruled.