870 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WJW-TV, INC., Plaintiff-Appellee,
v.
CITY OF CLEVELAND, the City Council of the City of
Cleveland; George L. Forbes, President of the City Council
of the City of Cleveland; George V. Voinovich, Mayor, City
of Cleveland, Defendants-Appellants.
 No. 88-3341.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1989.
Opinion Published in Full 878 F.2d 906.
 
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, and RONALD E. MEREDITH*, District Judge.
 PER CURIAM.
 
 
 1
 The City of Cleveland, the City Council and various officers of the city[1] (referred to collectively as the city), defendants-appellants, have appealed from the decision of the United States District Court for the Northern District of Ohio, which granted summary judgment in favor of WJW-TV, Inc. (WJW), the plaintiff-appellee herein.
 
 
 2
 The record disclosed the following undisputed facts. At 10:00 a.m. on November 18, 1988 a quorum of the City Council and the Mayor met in the Mayor's office to informally discuss a number of subjects which were scheduled on the agenda of the forthcoming City Council meeting. Several news reporters, including a reporter and a television cameraman for WJW, were permitted to photograph the participants, but were required to leave before the discussions were to begin. No transcript of the informal discussions was made. After the conference had concluded, a number of the participants reviewed the discussions which had taken place with representative of the media.
 
 
 3
 On June 19, 1987, WJW filed the instant action in the United States District Court for the Northern District of Ohio, and charged that the informal meeting was unlawful in that it had violated the First Amendment and had abridged the freedom of speech; that the meeting violated Ohio's Sunshine Law, Ohio Rev.Code Sec. 121.22; and that the meeting violated the open meeting provision of the City of Cleveland Charter.[2] The parties filed cross motions for summary judgment since the pertinent facts were not in dispute and resolution of the issues presented a question of law for the court to determine.
 
 
 4
 On March 30, 1988, the district court granted summary judgment in favor of WJW. WJW-TV, Inc. v. City of Cleveland, 686 F.Supp. 177 (N.D.Ohio 1988). Although the trial court recognized that it should "avoid passing on a constitutional issue if a case can be disposed of without resort to [the asserted constitutional infringement]," WJW-TV, Inc., 686 F.Supp at 178, it avoided addressing the pendent state law claims and decided only the federal constitution question, concluding that the First Amendment required that all city council meetings, formal or informal, be open to the press and public except in cases where the Council had made specific findings on the public record demonstrating that the closure of a particular meeting would serve a substantial governmental interest in maintaining the secrecy or confidentiality of its proceedings. The district court thereupon granted the following relief:
 
 
 5
 1) A declaratory judgment is hereby entered that the first amendment requires all City Council meetings to be open to the public, except those in respect of which specific findings supporting confidentiality have been made on the record, as explained herein; 2) the City is hereby permanently enjoined from closing any Council meeting, save those excepted above, to the public; 3) the Court shall make an award of reasonable attorneys' fees and costs [to WJW]....
 
 
 6
 WJW-TV, Inc., 686 F.Supp. at 181. The court entered an order permanently enjoining the city from closing council meetings to the public in the future and awarded WJW its reasonable attorney's fees and costs.
 
 
 7
 The city filed a timely notice of appeal on April 13, 1988, and asserted that the district court erred in concluding that the First Amendment required the City of Cleveland to open its council meetings except where the City had made a finding upon the public record that the facts underlying the particular meeting warranted a conclusion that a substantial governmental interest mandated that closure was necessary to protect the privacy or confidentiality of the meeting. A panel of this court granted a motion filed by the city to stay the enforcement of the permanent injunction granted by the district court pending appellate review. WJW-TV v. City of Cleveland, No. 88-3341 (6th Cir., order of July 18, 1988).
 
 
 8
 Subsequent to the order of this court staying enforcement of the district court's injunctive order, the Ohio Supreme Court issued its decision in a case arising from the identical facts presented in the instant appeal, State ex rel. Plain Dealer Publishing Co. v. Barnes, 38 Ohio St.3d 165, 527 N.E.2d 807 (decision of August 11, 1988), wherein a reporter for the Plain Dealer Publishing Company (Plain Dealer) had also been requested to leave the same informal conference that had been convened in the Mayor's office on November 18, 1988. While that informal discussion was in progress, the Plain Dealer petitioned the Ohio Court of Appeals for Cuyahoga County for a writ of mandamus seeking immediate admission to the conference. The Plain Dealer alleged, inter alia, that the closed discussions violated the "open meeting" provision of the Cleveland City Charter, as set forth previously in footnote two supra. Additionally, the complaint alleged that the closed meeting violated the free press clause of the Ohio Constitution. Ohio Const., art. 1, Sec. 11. On November 24, 1986, the Ohio Court of Appeals dismissed the petition of the Plain Dealer as moot because the conference which had been the subject of the petition had already concluded.
 
 
 9
 The Plain Dealer perfected an appeal to the Ohio Supreme Court. On August 11, 1988, the Ohio Supreme Court concluded that the conduct of the City of Cleveland, in closing the informal discussions of November 18, 1988 to the public, had violated the "open meeting" provision of the Cleveland City Charter.[3] State ex rel. The Plain Dealer v. Barnes, 38 Ohio St.3rd at 167, 527 N.E.2d at 810. In Barnes, the Ohio Supreme Court noted that section 28 of the Charter of the City of Cleveland mandated that "all meetings of council and committees shall be public," Barnes, 38 Ohio St.3d at 167, 527 N.E.2d at 800 (emphasis in original), emphasizing that "[t]he word 'shall' establishes a mandatory duty" concerning "any assemblage of the city council or its committees where a majority of members constituting the body are in attendance and the gathering is arranged for the purpose of discussing public business." Barnes, 38 Ohio St.3rd at 167, 168-69, 527 N.E.2d at 810, 811 (emphasis in original).
 
 
 10
 The City of Cleveland has urged that the decision of the Ohio Supreme Court was dispositive of the issues joined by WJW and accordingly the instant appeal was moot because no live "case or controversy" remained for appellate review by this court. Because mootness is a threshold jurisdictional issue, this court must determine if an "actual controversy still exists between the parties." Speer v. City of Oregon, 847 F.2d 310, 311 (6th Cir.1988); see also Rettig v. Kent City School Dist., 788 F.2d 328, 330 (6th Cir.) ("Of initial concern to this court is the threshold issue of subject matter jurisdiction."), cert. denied, 478 U.S. 1005, 106 S.Ct. 3297, 92 L.Ed.2d 711 (1986). "Mootness is determined by examining whether an actual controversy between the parties exists in light of intervening circumstances." Fleet Aerospace Corp. v. Holderman, 848 F.2d 720, 723 (6th Cir.1988), on remand sub nom. from Ohio v. Fleet Aerospace Corp., --- U.S. ----, 107 S.Ct. 1949, 95 L.Ed.2d 521 (1987), vacating and remanding 796 F.2d 135 (6th Cir.1985); accord Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir.1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."); Constangy, Brooks & Smith ex rel. Teledyne Indus., Inc. v. NLRB, 851 F.2d 839, 841 (6th Cir.1988) (same); Speer, 847 F.2d at 311 (same).
 
 
 11
 "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.... It is not enough that a controversy existed at the time the complaint was filed...." Deakins v. Monaghan, --- U.S. ----, ----, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988); accord Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982) ("Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.' "); Affholder v. Preston Carroll Co., Nos. 86-5348, 86-5349, slip op. at 8 (6th Cir. Feb. 1, 1989) ("Article III of the Constitution confines the federal courts to adjudicating actual 'cases' or 'controversies.' ") (quoting Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)); County of Oakland v. City of Detroit, Nos. 86-1200, 86-1217, 86-1218, 86-1266, 86-1267, 86-1268, 87-1303, 87-1334, slip op. at 11 (6th Cir. Jan. 27, 1989) ("The Constitution makes it clear that the judicial power vested in federal courts under Section 1 of Article III extends only to 'Cases' and 'Controversies.' "); Rettig, 788 F.2d at 330 ("Article III grants the federal courts jurisdiction over cases and controversies."). "To satisfy the case or controversy requirement, an actual controversy must exist at all stages of review, and not simply on the date the action is initiated." Rettig, 788 F.2d at 330; accord Fleet Aerospace Corp., 848 F.2d at 723. The Ohio Supreme Court, after interpreting state and municipal law, concluded that the City of Cleveland had violated the City Charter's "open meeting" provision by excluding members of the press from the informal council meeting thereby resolving the issue posed in the instant appeal and, as a consequence, there is no longer a live case or controversy presented to this court for determination upon appellate review. "If there is no case or controversy, this court lacks subject matter jurisdiction to hear this appeal even though the parties agreed below that the case was ripe for adjudication...." Michigan v. Meese, 853 F.2d 395, 397 (6th Cir.1988).
 
 
 12
 WJW News has argued that the intervening decision of the Ohio Supreme Court was not dispositive of the instant appeal because of a disparity between the parties to the instant appeal and the parties in State of Ohio ex rel. Plain Dealer v. Barnes; because the federal district court's decision was anchored upon a violation of First Amendment rights whereas the Ohio Supreme Court's opinion was based upon a violation of the Cleveland City Charter; and because a continuing possibility that the City of Cleveland would circumvent the mandate announced by the Ohio Supreme Court in Barnes, by either amending the City Charter or by ignoring the court's decision and simply ordering the closure of council meetings at some point in the future, thereby necessitating the affirmance of the injunctive relief ordered by the federal district court.
 
 
 13
 Initially, a disparity between the parties in the instant action and the parties in Barnes is of no consequence in addressing the jurisdictional issue confronting this court. The underlying factual scenario resolved by the Ohio Supreme Court in Barnes arose from the identical facts joined in the instant case, namely the decision of the City of Cleveland to preclude the public including the media from attending the informal discussions of November 18, 1986 here in controversy. The conclusion announced by the Ohio Supreme Court in Barnes, that the City violated its "open meeting" charter provision by denying access to the Plain Dealer's news reporter, conclusively adjudicated the factual issue posed by appellee's cause of action by applying state and municipal law.
 
 
 14
 Nor does the Ohio Supreme Court's disposition of Barnes on principles of state and municipal law immunize this appeal from mootness simply because the federal district court's decision was predicated upon an alleged violation of First Amendment constitutional rights. Detroit Fire Fighters Ass'n, Local No. 344, I.A.F.F. v. Dixon, 572 F.2d 557 (6th Cir.1978) (per curiam). In Detroit Fire Fighters Ass'n, plaintiffs, City of Detroit fire fighters, had initiated an action in federal district court alleging racially discriminatory conduct by the Fire Department in violation of the Fourteenth Amendment to the United States Constitution. The district court in Detroit Fire Fighters Ass'n had granted injunctive relief to the plaintiffs citing impingements of the federal Constitution, and the Fire Department timely appealed to this court. Pending appellate review, two state courts resolved the controversy pursuant to state law interpretation of the collective bargaining provisions. Upon reviewing the injunctive relief afforded by the federal district court, this circuit concluded that the final, non-appealable decision of a state appellate courts, which had conclusively adjudicated the factual dispute by applying state law, "rendered [the injunctive relief ordered by the federal district court] moot and ma[d]e it unnecessary ... to decide the difficult constitutional issues presented" on appeal. Detroit Fire Fighters Ass'n, 572 F.2d at 559.
 
 
 15
 In the instant case, WJW News had alleged three counts in its complaint, two of which were anchored in state and municipal law. As in Detroit Fire Fighters Ass'n, the resolution of identical controversies by the Ohio Supreme Court pursuant to state and municipal law has avoided the necessity for an appellant review by this court to decide the federal constitutional question. "The general principle in cases involving a constitutional challenge is to avoid [a determination that a particular activity is] unconstitutional if the viable issues in the case may be disposed of on some other reasonable basis."[4] Fleet Aerospace Corp., 848 F.2d at 724.
 
 
 16
 Finally, WJW's assertion that the City of Cleveland could avoid the "open meeting" mandate of the City Charter at some undetermined future time by convening meetings with less than a majority of the council members, by amending the City Charter, or by ignoring the Ohio Supreme Court's decision in Barnes is insufficient to support the existence of a live case or controversy cognizable for appellate review. It is well established that " 'such speculative contingencies afford no basis for our passing on the substantive issues' ... in the absence of 'evidence that this is a prospect of "immediacy and reality." ' " DeFunis v. Odegaard, 416 U.S. 312, 320 n. 5, 94 S.Ct. 1704, 1707 n. 5, 40 L.Ed.2d 164 (1974) (citations omitted). "The threat [alleged by WJW], based on the mere 'speculative contingenc[y],' ... cannot be said to be 'sufficiently real and immediate to show an existing controversy.' " Deakins, --- U.S. at ---- n. 4, 108 S.Ct. at 529 n. 4 (citations omitted). "What action the city ... will take in the future in connection with [complying with the "open meeting" provision of the City Charter] is simply a matter of conjecture at this time. Courts do not rule on hypothetical cases." Detroit Fire Fighters Ass'n, Local No. 344, 572 F.2d at 559; see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 464, 81 L.Ed.2d 617 (1937) ("A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot."); Speer, 847 F.2d at 311 ("If we cannot now effect the requested relief, any opinion that this court might render on the underlying dispute would be merely advisory, for plaintiff may no longer have any legally cognizable interest in the outcome.") (citing Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969)); compare County of Oakland, Nos. 86-1200, 86-1217, 86-1218, 86-1266, 86-1267, 86-1268, 86-1303, 86-1334, slip op. at 11 ("A dispute in which the interest of the complaining party is purely academic does not qualify as a case or controversy in the constitutional sense...."). In the event that the City of Cleveland should, at some future time, undertake any of the speculated conduct posited, WJW would have access to the courts to adequately protect its legal rights by initiating legal proceedings in federal or state court at that time which would address actual issues and not conjectured possibilities. See, e.g., Deakins, --- U.S. at ---- nn. 4-5, 108 S.Ct. at 529 nn. 4-5.
 
 
 17
 Finally, established precedent indicates that the appropriate remedy "[u]nder circumstances where a controversy has become moot before final appellate adjudication" is to remand the decision of the lower court with "instructions to vacate the judgment below and dismiss the complaint." Constangy, Brooks & Smith, 851 F.2d at 842; see also Deakins, --- U.S. at ----, 108 S.Ct. at 528-29; Hall v. Beals, 396 U.S. 45, 50, 90 S.Ct. 200, 202, 24 L.Ed.2d 214 (1969); compare Detroit Fire Fighters Ass'n, Local 344, 572 F.2d at 560. "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance ... [and] is commonly utilized ... to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." Constangy, Brooks & Smith, 851 F.2d at 842 (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40-41, 71 S.Ct. 104, 107, 95 L.Ed.2d 36 (1950)). Accordingly, the judgment of the United States District Court for the Northern District of Ohio is VACATED and REMANDED with instructions to dismiss the complaint.
 
 
 
 *
 Honorable Ronald E. Meredith, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Named as individual defendants in this action were the President of the City Council of the City of Cleveland, George Forbes; and the Mayor of the City of Cleveland, George Voinovich
 
 
 [2]
 The relevant portion of the Charter of the City of Cleveland, section 28, states as follows:
 At seven o'clock p.m., on the first Monday in January following a regular Municipal election, the Council shall meet at the usual place for holding meetings, at which time the newly-elected members of the Council shall assume the duties of their offices. Thereafter the Council shall meet at such times as may be prescribed by ordinance or resolution. The Mayor, the President of the Council, or any five members thereof may call special meetings of the Council upon at least twelve (12) hours' written notice to each member of the Council, served personally on each member or left at the usual place of residence of such member. Any such notice shall state the subjects to be considered at the meeting and no other subjects shall be there considered. All meetings of the Council or committees thereof shall be public and any citizen shall have access to the minutes and records thereof at all reasonable times.
 Cleveland City Charter, Sec. 28 (emphasis added).
 
 
 [3]
 As a preliminary matter, the Ohio Supreme Court concluded that the action was not moot because it was "capable of repetition, yet evading review." State ex rel. The Plain Dealer Publishing Co. v. Barnes, 38 Ohio St. 3rd at 166, 527 N.E.2d at 809 (quoting Southern Pac. Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 5 L.Ed. 310 (1911))
 
 
 [4]
 In light of the determination that the instant appeal is moot, this court need not address the propriety of the federal district court's conclusion that the Supreme Court's decisions in Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580, 100 S.Ct. 2814, 2829, 65 L.Ed.2d 973 (1980) ("[T]he right to attend criminal trials is implicit in the guarantees of the First Amendment....") (footnote omitted), and its progeny mandated that the City open all city council meetings to the press and public. WJW-TV, Inc., 686 F.Supp. at 178-80. However, this court does note that by declining to consider WJW's state law claims before reaching the First Amendment claim, the district court erred in ignoring the Supreme Court's admonition that federal constitutional issues should not be decided where a dispute can be resolved on the basis of pendent state law claims
 If the [challenged activity was] invalid under state law, the Court of Appeals need not have reached the federal constitutional issues. Nevertheless, the Court of Appeals declined to resolve the pendent state law claim. Under Hagans v. Lavine, 415 U.S. 528, 546, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974) and Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), this was an abuse of discretion in the circumstances of this case.
 Schmidt v. Oakland Unified School Dist., 457 U.S. 594, 595, 102 S.Ct. 2612, 2612, 73 L.Ed.2d 245 (1982); accord Hagans v. Lavine, 415 U.S. 528, 546-47 & n. 12, 94 S.Ct. 1372, 1383-84 & n. 12, 39 L.Ed.2d 577 (1974) ("The Court has characteristically dealt first with possibly dispositive state law claims pendent to federal constitutional claims."); Siler v. Louisville & Nashville R. Co., 213 U.S. 175, 193, 29 S.Ct. 451, 455, 53 L.Ed.2d 753 (1909) ("Where a case in this court can be decided without reference to questions arising under the Federal Constitution, that course is usually pursued and is not departed from without important reasons."); compare Fleet Aerospace Corp., 848 F.2d at 724.