980 F.2d 732
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theodore WATKINS, Plaintiff-Appellant,
v.
Samuel C. GARDNER; Leonard Townsend, Judge, Defendants,
George L. Gish; Herman L. Dillard, Defendants-Appellees.
 No. 92-1427.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1992.
 
 Before NATHANIEL R. NORRIS and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Theodore Watkins, a Michigan state prisoner, requests the appointment of counsel on appeal from the dismissal of his civil rights action filed under 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Watkins brought suit against two judges of the Detroit Recorder's Court, the clerk of the court, and a former court reporter, alleging that the defendants had conspired to deny him a transcript of his 1976 jury trial. The district court initially dismissed the complaint as to the two judges on the ground of absolute immunity. Subsequently, the court adopted the magistrate judge's recommendation to dismiss the entire complaint.
 
 
 3
 Upon review, it is concluded that this complaint was properly dismissed for the reasons stated by the district court. The claim for injunctive relief was rendered moot by the Michigan Court of Appeals' order to produce the transcript. See WJW-TV, Inc. v. City of Cleveland, 878 F.2d 906, 909-910 (6th Cir.) (per curiam), cert. denied, 493 U.S. 819 (1989). If construed as a petition for a writ of habeas corpus, the complaint was properly dismissed for failure to exhaust state court remedies. See 28 U.S.C. §§ 2254(b) and (c). Further, a ruling on the complaint could have implied that the state court conviction was illegal. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Finally, the complaint was properly dismissed as it rested on legal conclusions and unwarranted factual inferences which the court need not accept as true. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.