27 F.3d 568
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 94-5003.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1994.
 
 Before: JONES, Circuit Judge; WELLFORD, Senior Circuit Judge; and ENSLEN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant-appellant, a juvenile male, appeals the district court order revoking his probation and committing him to custody for six months. Because the appellant has finished serving the sentence given as a result of the revocation, this appeal is moot.
 
 
 2
 * On December 19, 1990, the appellant entered a plea of admission to a thirteen-count Information charging him with various violations of the Juvenile Delinquency Act, 18 U.S.C. Secs. 5031-42. The underlying offenses included, inter alia, destruction of personal property, theft, wanton endangerment, failure to stop for a law officer, and recklessly causing physical injury to another individual. On January 4, 1991, he was sentenced to concurrent one-year terms of custody for the five counts that were felonies, and three years of probation for the remaining counts, which were all misdemeanors.
 
 
 3
 The appellant completed his term of custody and began his probation on April 23, 1992. When released, the appellant was homeless with no community ties. He was therefore permitted to reside at a community correction center in Louisville until he found employment and a residence. He remained there for four months.
 
 
 4
 In April 1993, the appellant informed his probation officer that he wished to move to New Mexico to live with his mother, and on June 1, 1993, he submitted a formal relocation plan. The Louisville probation office contacted its New Mexico counterpart, requesting approval of the plan, and the appellant was informed that it could take two or three weeks to receive a response from the New Mexico office. The appellant then changed his residence, leaving no forwarding address, in violation of his probation. He also violated his probation by failing to submit required monthly reports for June or July 1993. On October 15, 1993, he was apprehended in New Mexico.
 
 
 5
 In revoking his probation on December 16, 1993, the district court sentenced him to six months in custody. According to the appellant's brief, he has been credited with time served in custody since October 15, 1993, and was released on or about April 15, 1994. Juvenile Br. at 4.
 
 II
 
 6
 The appellant argues that the district court had no authority to impose the three-year probationary term, since under Kentucky law a term of probation for a misdemeanor shall not exceed two years, and it must run from the date of judgment. See Ky.Rev.Stat. Secs. 532.110(1)(a), 533.040(1). The government asserts that a district court is not bound by state law in assigning probation under the Juvenile Delinquency Act. The appellant also argues that he should have received credit toward his custody for the four months he spent in a Louisville community correction center. The government responds that credit for time served is granted only for time spent in official detention.
 
 
 7
 We need not, and cannot, resolve these disputes, for according to the appellant's brief, he was released from custody on April 15, before this case was scheduled for submission to this panel. Where a defendant attacks only his sentence, and where the sentence has expired during the course of judicial proceedings, the case is moot. Lane v. Williams, 455 U.S. 624, 631 (1982).
 
 III
 
 8
 Our precedent indicates that when a controversy has become moot before final appellate adjudication, the appropriate remedy is to vacate the judgment below and remand for dismissal of the complaint. WJW-TV, Inc. v. City of Cleveland, 878 F.2d 906, 911-12 (6th Cir.) (per curiam), cert. denied, 493 U.S. 819 (1989); see United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950). We therefore VACATE the judgment of the district court and REMAND with instructions to dismiss the complaint.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation