28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re William Terry JAMISON, Jr., Debtor.
In re Peggy Donnell JAMISON, Debtor.
William Terry JAMISON, Jr.; Peggy Donnell Jamison,
Plaintiffs-Appellants,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-6291.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1994.
 
 Before: KEITH, NORRIS, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 William Terry Jamison, Jr., and Peggy Donnell Jamison, through counsel, appeal a district court order affirming a bankruptcy court's order granting defendant Hancock's motion for summary judgment in this bankruptcy appeal. This case is before the court upon a suggestion by the defendant that the appeal is moot.
 
 
 2
 In their complaint, the Jamisons argued that the bankruptcy court erred when it ruled that the Chapter 11 plan which the bankruptcy court confirmed on October 22, 1987, provided that Hancock retained its security interest in approximately 2,700 acres of farmland. The Jamisons contend that the defendant lost its security interest in this land by operation of 11 U.S.C. Sec. 1141 after the bankruptcy court confirmed the plan. After providing a detailed summary of the procedural history leading to the confirmation of the plan and to the appeal of the subsequent adversary proceeding, the district court determined that Hancock's interest was not stripped by Sec. 1141, and that there were no remaining genuine issues of material fact to disturb the bankruptcy court's order granting Hancock's motion for summary judgment. Thus, the district court entered a judgment, on July 27, 1993, affirming the bankruptcy court's order.
 
 
 3
 On appeal, the Jamisons, again, contest the bankruptcy court's finding that Hancock, subsequent to the confirmation of the reorganization plan, retained a secured interest in the subject farmland. As explained by the district court, a consent order was entered in which the parties agreed on the amount of debt surrounding the Jamisons' equipment and personal property. Thus, the only issue remaining is the bankruptcy court's ruling in regard to the farmland. On appeal, Hancock makes the argument that, in the Deed of Trust which subjected the Jamisons' property to an intervening foreclosure sale, the Jamisons waived their right to redemption under state law, thus rendering this case moot.
 
 
 4
 Article III of the Constitution confines the federal courts' jurisdiction to those claims which embody an actual "case" or "controversy." U.S. Const. art. III, Sec. 2, Cl. 1. Mootness is determined by examining whether an actual controversy between the parties exists in light of intervening circumstances. WJW-TV v. City of Cleveland, 878 F.2d 906, 909-11 (6th Cir.) (per curiam), cert. denied, 493 U.S. 819 (1989). Mootness is a threshold jurisdictional issue, which cannot be waived or conceded by the actions or admissions of the parties. Brock v. International Union, UAW, 889 F.2d 685, 687 n. 1 (6th Cir.1989).
 
 
 5
 The subject property has been sold by foreclosure, and the defendant has now shown that the Jamisons have no right to redemption under state law in order to void the foreclosure sale, see Tenn.Code Ann. Sec. 66-8-101 and Swift v. Kerby, 737 S.W.2d 271 (Tenn.1987). Because the right to redemption no longer exists under state law, the case has been rendered moot, and this court has no jurisdiction to hear the matter. See Onouli-Kona Land Co. v. Estate of Richards, 846 F.2d 1170, 1173 (9th Cir.1988). Events occurring during pendency of litigation rendered this court unable to grant the requested relief. Burger v. Cuyahoga County Bar Ass'n., 983 F.2d 718, 724 (6th Cir.), cert. denied, 113 S.Ct. 2416 (1993).
 
 
 6
 Accordingly, the appeal is dismissed as moot.