48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robin BAUM, individually and on behalf of all others
similarly situated; Emma Detillion; and Sheila
Lawson, individually and on behalf of
all others similarly situated,
Plaintiffs-Appellants,
v.
Mike ESPY, Secretary of Department of Agriculture; Arnold
R. Tompkins, Director, Ohio Department of Human Resources;
and John J. Witkosky, Administrator, Portage County
Department of Human Resources, Defendants-Appellees.
 No. 94-3081.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1995.
 
 Before: MILBURN and NORRIS, Circuit Judges, and MILES,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Robin Baum, Emma Detillion, and Sheila Lawson appeal the district court's grant of the motion for summary judgment filed by defendants Mike Espy, Secretary of the United States Department of Agriculture; Arnold R. Tompkins, Director of the Ohio Department of Human Services; and John J. Witkosky, Administrator of the Portage County Department of Human Services. In this action, plaintiffs challenged defendants' inclusion of utility reimbursement payments as income in determining the benefits to which plaintiffs are entitled under the Food Stamp Act.
 
 
 2
 On appeal, the issues are (1) whether defendants' inclusion of utility reimbursement payments made to plaintiffs violates the reimbursement exclusion of the Food Stamp Act, 7 U.S.C. Sec. 2014(d)(5); (2) whether defendant Espy's inclusion of utility reimbursement payments as income under the Food Stamp Act violates his obligation under 42 U.S.C. Sec. 1441 to exercise his powers consistently with the provisions of the Brooke Amendment, 42 U.S.C. Sec. 1437; and (3) whether defendants' inclusion of utility reimbursement payments in calculating plaintiffs' food stamp benefits violates plaintiffs' rights under the equal protection guarantees of the Fifth and Fourteenth Amendments to the Constitution of the United States. However, also before this court is defendants' motion to dismiss this appeal as moot as a result of a change in government policy regarding the inclusion of utility reimbursement payments in income calculations for allocation of food stamp benefits. Upon examination, this panel agrees that oral argument is not needed. Federal Rule of Appellate Procedure 34(a); Rule 9(a), Rules of the Sixth Circuit. Furthermore, we conclude that plaintiffs' appeal is moot, grant defendants' motion to dismiss this appeal, and vacate the judgment of the district court.
 
 
 3
 The facts in this case were fully set forth in our prior opinion in Baum v. Madigan, 979 F.2d 438 (6th Cir.1992), and will not be repeated here. In short, plaintiffs are public housing tenants in Portage and Pike counties in Ohio. Plaintiffs purchase their utility services directly from suppliers and are thus entitled to a utility allowance. Plaintiffs receive monthly reimbursement checks because their rent, set according to the formula provided in the Brooke Amendment, 42 U.S.C. Sec. 1437, is less than the amount of their monthly utility allowance. Plaintiffs are also food stamp recipients. At the time plaintiffs instituted this action, the Secretary of Agriculture included the amount of plaintiffs' utility reimbursements as income in determining the allotment of food stamps to which plaintiffs were entitled. Plaintiffs argued that this practice violated several statutory and constitutional provisions.
 
 
 4
 In August 1994, the Department of Agriculture, pursuant to Executive Order 12866, published interim regulations that reversed the department's existing policy and excluded utility reimbursements from the definition of income to be used in determining food stamp allotments. 7 C.F.R. Secs. 272.1(g)(134), 273.9, 273.10(d)(1)(i). The new interim regulations accomplish the result plaintiffs have sought in this litigation. Thus, plaintiffs' utility reimbursements are no longer considered income in calculating food stamp benefits, and plaintiffs' food stamp allotments are no longer to be reduced due to the inclusion of these utility reimbursements as income. A decision by this court in plaintiffs' favor would accomplish nothing more than the interim regulations already accomplish, and a ruling adverse to plaintiffs would have no impact in view of the new regulations. Therefore, we conclude this appeal is moot.
 
 
 5
 Mootness is a threshold jurisdictional issue. WJW-TV, Inc. v. City of Cleveland, 878 F.2d 906, 909 (6th Cir.), cert. denied, 493 U.S. 819 (1989); Deakins v. Monaghan, 484 U.S. 193, 199 (1988). Federal courts lack jurisdiction to " 'decide questions rendered moot by reason of intervening events.' " Connaire, Inc. v. Secretary of U.S. Dep't. of Transp., 887 F.2d 723, 725 (6th Cir.1989) (quoting Westmoreland v. National Transp. Safety Bd., 833 F.2d 1461, 1462 (11th Cir.1987)). "If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed." Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir.1988) (citing DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974)). When a claim becomes moot pending review by this court, the usual remedy is to vacate the decision of the district court with directions to that court to dismiss the relevant portions of the plaintiff's complaint. Deakins, 484 U.S. at 200; WJW-TV, Inc., 878 F.2d at 912. "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance ... [and] is commonly utilized ... to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." Constangy, Brooks & Smith ex rel. Teledyne Indus., Inc. v. National Labor Relations Bd., 851 F.2d 839, 842 (6th Cir.1988) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40-41 (1950)).
 
 
 6
 Plaintiffs argue that this appeal should not be dismissed as moot because if they were to prevail on the merits of any claim on appeal, they would be entitled to retroactive benefits pursuant to 7 U.S.C. Secs. 2023(b), 2020(b). However, the district court, in its earlier opinion in Baum v. Yeutter, 758 F.Supp. 423, 425-26 (N.D.Ohio 1991), found that plaintiffs were not entitled to retroactive benefits. Plaintiffs appealed the district court's decision to this court, but we did not address the issue as a result of our disposition of the other issues on appeal. In a footnote in their present brief on appeal, plaintiffs state:
 
 
 7
 Because the District Court entered summary judgment in favor of Defendants and against Plaintiffs on all of Plaintiffs' claims, the District Court did not determine the relief that it would award Plaintiffs if they prevail on one or more of their claims in this appeal. Consequently, in this appeal, Plaintiffs have not reasserted the issues concerning relief that they raised in their previous appeal to the Court in this case. If Plaintiffs prevail on one or more of their claims in this appeal, and if the District Court on remand should fail to award Plaintiffs all of the relief to which they are entitled, issues concerning relief would then be ripe for appeal to this Court.
 
 
 8
 Appellants' Brief at 11 n. 1 (emphasis added). Plaintiffs thus concede that the issue of retroactive benefits is not before this court in this appeal. Therefore, this issue does not preclude a finding that the appeal is moot. However, plaintiffs also argue that a finding of mootness is inappropriate because plaintiffs sought an award of attorney's fees in their complaint. They argue that if they were to prevail on the merits of any one or more of their claims, they would be entitled to an award of attorney's fees pursuant to 28 U.S.C. Sec. 2412(d) and 42 U.S.C. Sec. 1988. Again, we conclude that this issue is not before us and that it has no bearing on whether this appeal may be dismissed as moot.
 
 
 9
 We conclude that there is no longer an actual controversy in this case. Accordingly, this appeal is DISMISSED as moot, the judgment of the district court is VACATED, and the district court is directed to dismiss the relevant portions of plaintiffs' complaint without prejudice.
 
 
 
 *
 Honorable Wendell A. Miles, United States District Court Judge for the Western District of Michigan, sitting by designation