110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harvey S. JOKINEN; Linda L. Jokinen, Defendants-Appellants.
 No. 96-3866.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
Order Amending Decision July 28, 1997.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon initial consideration of appellate jurisdiction. The appellee's brief on appeal argues that the case is moot.
 
 
 2
 It appears from the documents before the court that the district court entered a judgment against the appellants in the amount of $63,332.08 by order filed February 11, 1991. That judgment was affirmed on appeal. The appellees sought to amend the judgment to make provisions for the sale of appellants' house. An amended judgment was entered June 5, 1996. Motions to set aside the judgment were denied by ruling filed on June 21 and order filed on July 29, 1996. Appellants appealed from the amended judgment and the July 29 order denying their motion to set aside the amended judgment. The property was sold on August 5, 1996. The sale was confirmed by the district court on October 7, 1996, and distribution of the proceeds was ordered.
 
 
 3
 The appeal is moot in that the property has been sold and the proceeds distributed. An appeal becomes moot pending appeal if the requested relief has been granted or no live controversy remains. Great W. Sugar Co. v. Nelson, 442 U.S. 92, 93 (1979) (per curiam); Neighbors Organized to Insure a Sound Environment, Inc. v. McArtor, 878 F.2d 174, 178 (6th Cir.1989). The court is not in the position to grant effectual relief. Charter Township of Huron v. Richards, 997 F.2d 1168, 1175 (6th Cir.1993); Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir.1986).
 
 
 4
 Because the appeal became moot before final adjudication, the judgment of the district court is vacated and the case remanded with instructions to dismiss the complaint. Webster v. Reproductive Health Servs., 492 U.S. 490, 512-13 (1989); United States v. Taylor, 8 F.3d 1074, 1077 (6th Cir.1993); Brock v. International Union, UAW, 889 F.2d 685, 696 (6th Cir.1989); WJW-TV, Inc. v. City of Cleveland, 878 F.2d 906, 911-12 (6th Cir.) (per curiam), cert. denied, 493 U.S. 819 (1989).
 
 
 5
 Before: KENNEDY, KRUPANSKY and NORRIS, Circuit Judges.
 
 ORDER ON MOTION TO AMEND
 
 6
 July 28, 1997.
 
 
 7
 Plaintiff-appellee has filed a motion to amend this court's decision filed March 27, 1997. A response has been filed.
 
 
 8
 After careful consideration of the matter, it is ordered that the March 27, 1997 order is amended. The judgment of the district court is vacated as to the portion of the district court's judgment relating to the amended order of sale and the case is remanded to the district court to dismiss only that part of the government's complaint requesting an order of sale.