CONSTANGY, BROOKS & SMITH, by Larry W. BRIDGESMITH on Behalf of TELEDYNE INDUSTRIES, INC., d/b/a Teledyne Still–Man, Plaintiff–Appellee,

v.

NATIONAL LABOR RELATIONS BOARD, Defendant–Appellant.

No. 86–6141.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 23, 1988.

Decided July 13, 1988.

---

Aileen Armstrong, Asst. Gen. Counsel for Special Litigation, N.L.R.B., Washington, D.C., Eric Moskowitz (argued), for defendant-appellant.

Larry W. Bridgesmith (argued), Constangy, Brooks and Smith, Nashville, Tenn., for plaintiff-appellee.

Before KRUPANSKY and WELLFORD, Circuit Judges; and GILMORE, District Judge *.

·KRUPANSKY, Circuit Judge.

The National Labor Relations Board, defendant-appellant (NLRB or Board), has appealed from the decision of the district court, which had ordered the Board to produce two intra-agency memoranda pursuant to a request for records by Constangy, Brooks & Smith, plaintiff-appellee (Constangy or appellee). However, subsequent to filing the notice of appeal by the Board, both parties moved this court to dismiss the instant appeal as moot since the Board had delivered copies of the requested documents to the appellee.

■ The record revealed the following facts. On April 22, 1986, Constangy had filed a request for records with Region 10 of the Board, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C.A. § 552 (West 1977 and Supp.1987), to produce copies of all affidavits, statements or other documents relating to certain named individuals,[1] which had been relied upon by the Board as the basis for its consolidated administrative complaint against Teledyne Industries.[2]

---

* Honorable Horace W. Gilmore, United States District Judge, Eastern District of Michigan, sitting by designation.

1. The information which was the subject of the FOIA demand concerned Linda Joyce Minnear, Willie Wheeler, Ellen Crawford and Michael Harris.

2. Constangy, the appellee in this matter, served as counsel for Teledyne Industries during the Board's proceedings relating to the consolidated

administrative complaint. Constangy had standing under the FOIA to request the production of documents from the NLRB on behalf of its client, Teledyne. *See, e.g., Rushforth v. Council of Economic Advisors,* 762 F.2d 1038, 1039 n. 3 (D.C.Cir.1985) ("Standing does, of course, lie as a general matter where a request is submitted under [the] FOIA for existing documents...."); *Military Audit Project v. Casey,* 656 F.2d 724, 730 n. 11 (D.C.Cir.1981) ("Under the Freedom of Information Act, the identity of the requester is immaterial...."); *Skolnick v.*

The Regional Director and the General Counsel for the Board had refused production pursuant to Exemption 5 of the FOIA.[3] The General Counsel for the Board thereafter reconsidered his action, and on June 24, 1986, produced the requested records which discussed the individuals identified in footnote 1. Sections of two additional memoranda were also released.

Appellee filed the present action in the federal district court on June 26, 1986, and alleged that the Board had continued to deny it full and complete access to the requested documents without legal justification. Appellee requested the district court to: (1) enjoin the Board from withholding the requested records; (2) enjoin the Board from conducting any hearings on the unfair labor practice charges filed against Teledyne until full disclosure of the requested documents had taken place; and (3) award appellee costs and attorney's fees. In response, the Board filed an original and amended *Vaughn* index, *see Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), reflecting the partial disclosures it had made up to that point in time, and claimed specific exemption under the FOIA for the remaining sections which had been withheld.

On October 15, 1986, after further correspondence between Constangy and the General Counsel, additional edited information from the requested records had been delivered to appellee. On October 27, 1986, the district court conducted a hearing on Constangy's motion of June 26, 1986 during which the documents that remained in controversy were examined *in camera*. At the conclusion of the hearing, the district court issued a bench order which denied appellee's request to enjoin the unfair labor practice proceedings, and ordered the Board to produce the remaining six requested disputed documents by noon of the following day, October 28, 1986. The district court also denied the Board's motion to stay its order of October 27 to produce documents pending appellate review.

On October 28, 1986, this court denied the Board's emergency motion for a stay of the trial court's production order of the previous day pending appeal, subsequent to which denial, the Board produced the documents specified in the district court's production order of October 27, 1986. Although the Board complied with the district court's order of production, and produced all six of the documents required by the district court to be released, it nevertheless filed a timely appeal challenging the district court's decision as it related to two of the six released documents; namely, two intra-agency memoranda.[4] Thereafter, both parties filed various motions to dismiss this appeal as moot. "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *See Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986); *see also Deakins v. Monaghan*, —— U.S. ——, —— 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988).

■ The only substantive issue joined by the instant appeal was the propriety of the district court's release of two intra-agency memoranda to the appellee, Constangy. Because all documents, including the two intra-agency memoranda that are the subject of this appeal, have been released to

*Parsons*, 397 F.2d 523, 525 (7th Cir.1968) ("Under this statute, the plaintiff has standing because the records are to be made available 'to any person.' ") (quoting Freedom of Information Act, 5 U.S.C.A. § 552); *see generally*, Annotation, *Who Has Standing to Seek Access to Agency Information Under Freedom of Information Act*, 82 A.L.R.Fed. 248, 259–61, 264–66 (1987).

3. Initially, the Board argued that Exemptions 5, 7(A), 7(C) and 7(D) were applicable. On appeal, the Board has relied solely upon Exemption 5, which states:

(b) This section does not apply to matters that are—

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency....

5 U.S.C.A. § 552(b)(5) (West 1977).

4. The Board has not appealed from the portion of the district court's order pertaining to four witness statements, but rather challenged only that part of the order requiring it to produce redacted copies of two intra-agency memoranda.

the appellee, this court would be unable to accord the NLRB the relief it has petitioned this court to grant. Consequently, this case is moot. *See Webb v. Department of Health & Human Serv.,* 696 F.2d 101, 107–08 (D.C.Cir.1982) ("Granting full access to the requested documents, as was done in this case, terminates a FOIA action...."); *see also Donn Prods., Inc. v. NLRB,* 583 F.2d 289, 290 (6th Cir.1978) (order); *Carter v. Veterans Admin.,* 780 F.2d 1479, 1481 (9th Cir.1986); *DeBold v. Stimson,* 735 F.2d 1037, 1040 (7th Cir. 1984); *Misegades & Douglas v. Schuyler,* 456 F.2d 255, 256 (4th Cir.1972) (per curiam); *Ackerly v. Ley,* 420 F.2d 1336, 1340 (D.C.Cir.1969).

Although both parties are in agreement that the instant controversy is moot, they are in dispute as to the appropriate disposition of this pending appellate review as demonstrated by their respective actions. On October 2, 1987, the NLRB filed a motion to vacate the appeal as moot and to remand the case to the district court with instructions to dismiss the complaint, to which motion Constangy objected on October 16, 1987. Although agreeing with the Board that the present appeal was moot, Constangy petitioned this court to dismiss the instant appeal without vacating the district court's order. Constangy argued that the pending motion for attorney's fees would be prejudiced if the trial court's order of October 27, 1986 was vacated, because vacation would implicate the degree of success attributable to the appellee's efforts in pursuing his motion to produce the controversial records pursuant to the FOIA.

Traditionally, under circumstances where a controversy has become moot before final appellate adjudication the lower court decision is remanded to the trial court with instructions to vacate the judgment below and dismiss the complaint. *See Deakins v. Monaghan,* — U.S. at —, 108 S.Ct. at 528–29; *Hall v. Beals,* 396 U.S. 45, 50, 90 S.Ct. 200, 202, 24 L.Ed. 214 (1969); *United States v. Cleveland Elec. Illuminating*

*Co.,* 689 F.2d 66, 68 (6th Cir.1982) (per curiam); *Donn Prods., Inc. v. NLRB,* 583 F.2d at 290. "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.... [This procedure] is commonly utilized ... to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *United States v. Munsingwear, Inc.,* 340 U.S. 36, 40–41, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950). In a recent case the Supreme Court has departed from its long standing practice and excepted disposition of controversies that have become moot "due to circumstances [which were attributable] to [one] of the parties" by directing jurisdictional dismissals without vacating the lower court's edict. *Karcher v. May,* — U.S. —, —, 108 S.Ct. 388, 395, 98 L.Ed.2d 327 (1987) (mootness due to failure of proper party to file appeal; appropriate disposition is to dismiss appeal rather than vacate lower court judgment).

In the instant case, the appeal was mooted because the NLRB complied in toto with the district court's production order. It would be particularly inappropriate to vacate the district court's order in the instant case in light of appellee's motion for attorney's fees pending before the district court, disposition of which joins in issue Constangy's success in pursuing the action for production of documents pursuant to the FOIA in the trial court.[5] *See, e.g., Seegull Mfg. Co. v. NLRB,* 741 F.2d 882, 884–86 (6th Cir.1984) (mootness of appeal does not affect party's ability to seek attorney's fees); *accord Crowell v. Mader,* 444 U.S. 505, 506, 100 S.Ct. 992, 992, 62 L.Ed.2d 701 (1980) (per curiam). The appropriate disposition in this case, under *Karcher,* would be to dismiss the appeal without vacating the district court's judgment.

■ Lastly, this court overrules Constangy's request for double costs against the NLRB, pursuant to Fed.R.App.P. 38,

---

5. At oral argument, counsel for the NLRB conceded that Constangy had succeeded on the merits of its suit before the district court.

843

for having initiated a specious appeal. Although the substantive issue appealed by the NLRB had been rendered moot by compliance with the district court's production order, the conduct of both parties demonstrated that the issue of mootness was not so apparent that the appeal was "obviously without merit" or that it was "prosecuted for delay, harassment, or other improper purposes" when filed. *Dallo v. Immigration & Naturalization Serv.*, 765 F.2d 581, 589 (6th Cir.1985).

Accordingly, this appeal is DISMISSED for lack of jurisdiction due to mootness, and the case is REMANDED to the district court without prejudice as to further proceedings.