27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph LEPORE, et al., Plaintiffs,
and
Woodward-Parker Corporation, Plaintiff-Appellee,
v.
Raymond J. HUSIC, et al., Defendants,
and
Resolution Trust Corporation, as Receiver for New Guaranty
Federal Savings & Loan Association, Defendant-Appellant.
 No. 93-1325.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1994.
 
 Before: MARTIN and JONES, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, the Resolution Trust Corporation, as Receiver for New Guaranty Federal Savings and Loan Ass. ("RTC-Receiver") appeals an order of the district court granting plaintiff-appellee's, Woodward-Parker Corporation's, motion for an injunction ordering RTC-Receiver to return possession of the premises located at 1275 S. Woodward Avenue, Bloomfield Hills, MI, to plaintiff's tenant, the Law Offices of H. Wallace Parker.[1] Plaintiff-appellee contends that this case should be dismissed because it is moot. We agree.
 
 I.
 
 2
 This case arises from a controversy involving the interpretation of a Construction Loan Agreement ("CLA") under which the New Guaranty Federal Savings and Loan Ass. ("the Bank")[2] agreed to lend plaintiff-appellee Woodward-Parker Corporation ("WPC Corporation") funds to construct an office building.
 
 
 3
 On September 5, 1989, WPC Corporation filed suit in Michigan state court against the general contractor of the building for failure to provide the Bank with documentation required under the Construction Loan Agreement to support disbursement of funds. This case was eventually designated Woodward-Parker Corp. v. Husic, et al, (89-CV-13475). Approximately one month later, on October 13, 1989, Joseph Lepore, one of the subcontractors, filed suit in Michigan state court against WPC Corporation, the general contractor, and the Guaranty Bank in the form of a lien claim against the building, which it had helped construct. This case was eventually designated Lepore v. Woodward-Parker Corp. (# 89-CV-73476). RTC-Receiver removed both state court actions to federal district court pursuant to 12 U.S.C. Sec. 1421(A)(1) and 28 U.S.C. Sec. 1446 on November 29, 1989, where they were consolidated as case no. 93-1325. On May 30, 1990, RTC-Receiver filed a third-party counterclaim in the United States District Court for the Eastern District of Michigan, seeking foreclosure on WPC Corporation's interest in the building, as provided for in the promissory note and mortgage granted to WPC Corporation as part of the Construction Loan Agreement. On June 10, 1991, while the federal case was pending, RTC-Receiver filed a complaint for nonpayment of rent in Michigan state court against the Law Offices of H. Wallace Parker, which were located in the building at issue owned by WPC Corporation. The Construction Loan Agreement contained an assignment of rent agreement, stating that in the event of a default on the mortgage, RTC-Receiver had the right to collect rents directly from the tenants of the building. RTC-Receiver prevailed in state court and H. Wallace Parker was ordered evicted from the premises of the building.
 
 
 4
 In the meantime, in regard to the case pending in federal court, on November 12, 1992, the district court heard oral argument on RTC-Receiver's motion for summary judgment in its foreclosure action against WPC Corporation as provided for in the event of default on the mortgage. On November 20, 1992, the federal district court denied RTC-Receiver's motion, concluding that there existed genuine issues of material fact in regard to whether a breach of contract by WPC Corporation had occurred, precluding a grant of summary judgment in favor of RTC-Receiver.
 
 
 5
 On December 18, 1992, WPC Corporation filed a "Petition for Order to Show Cause" in federal district court, arguing that the state court eviction proceeding brought by RTC-Receiver against the Law Offices of H. Wallace Parker as a tenant in the building violated the federal district court's November 20, 1992 order, in which the court denied RTC-Receiver's motion for summary judgment for foreclosure on WPC Corporation's mortgage involving the same property.
 
 
 6
 After a hearing was held, on January 15, 1993, the district court issued an injunction requiring RTC-Receiver to return possession of the leased premises to H. Wallace Parker and to compensate the Law Offices for actual damages caused by the eviction. Moreover, the January 15, 1993 order enjoined the state court eviction proceedings and declared them void. The district court held that although the Anti-Injunction Act, 28 U.S.C. Sec. 2283, normally prohibits federal courts from enjoining concurrent state court proceedings that an exception existed in the present case because a second suit filed in state court was an attempt to subvert the purposes of the removal statute and was aimed at defeating federal jurisdiction. 28 U.S.C. Sec. 1146.
 
 
 7
 On February 19, 1993, RTC-Receiver filed a timely notice of appeal from the January 15, 1993 order of the district court.
 
 
 8
 On January 7, 1993, defendant-appellant, RTC-Receiver, and plaintiff-appellee, WPC Corporation, negotiated a Settlement Agreement, General Mutual Release of Claims, and Covenant Not To Sue whereby WPC Corporation agreed to the entry of a consent judgment in favor of RTC-Receiver for $500,000 in satisfaction of the funds disbursed to it by the Bank under the Construction Loan Agreement. In paragraph 5 of this agreement, plaintiff-appellee and defendant-appellant have mutually agreed that "they will not institute hereafter any action" that one may have against the other "including but not limited to the Construction Loan Agreement, Mortgage, Mortgage Foreclosure, Assignment of Rents, Writ of Restitution and Eviction from 1275 S. Woodward Avenue, Bloomfield Hills, Michigan." (emphasis added). Paragraph 6 of the Agreement made the settlement expressly conditional upon "the dismissal of the causes and claims against RTC in the matters ... now pending before the [the district court]...."
 
 
 9
 On January 13, 1993, the Michigan state court judge entered a stipulation and order for distribution of monies in escrow and for dismissal of the eviction suit, thereby bringing to rest the state court action against plaintiff WPC Corporation's tenant, the Law Offices of H. Wallace Parker.
 
 
 10
 On January 29, 1993, the district court entered a judgment of foreclosure in favor of RTC-Receiver by consent of the WPC Corporation and H. Wallace Parker and which counsel for both parties approved as to substance and form. On May 24, 1993, all the parties to the federal court case appeared before the district court and agreed upon the negotiated settlement. On June 28, 1993, the district court entered an order of substitution of BSB Mortgage, Inc. in the place of appellant-defendant, RTC-Receiver. On July 1, 1993, an Amended Judgment nunc pro tunc of foreclosure by consent of WPC Corporation and H. Wallace Parker upon RTC-Receiver's cross-complaint was entered. On July 14, 1993, an order of dismissal was entered by the district court and the consolidated cases in federal court were dismissed with prejudice and without costs.
 
 II.
 
 11
 Plaintiff-appellee, WPC Corporation, contends that this court lacks jurisdiction to hear defendant-appellant's, RTC-Receiver's, appeal of the January 15, 1993 injunction because the parties' settlement and the district court's dismissal of the case have rendered the appeal moot.
 
 
 12
 We agree. Mootness is a jurisdictional question. Article III of the Constitution confines the federal courts to adjudicating actual cases or controversies. Allen v. Wright, 468 U.S. 737, 750 (1984). The federal judiciary cannot exercise jurisdiction over any alleged dispute in which a judgment will not affect the legal relations of parties having adverse legal interests. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937). Mootness can result when events occur during the pendency of a litigation which render the court unable to grant the requested relief. Constangy, Brooks & Smith ex rel. Teledyne Indus., Inc. v. NLRB, 851 F.2d 839, 841-42 (6th Cir.1988).
 
 
 13
 In the present case, events have occurred during the pendency of the litigation which render an appeal of the injunction at issue moot. Generally, the settlement of a dispute between the parties renders the case moot. Local No. 8-6, Oil, Chemical & Atomic Workers International Union v. Missouri, 361 U.S. 363 (1960). This has occurred in the present case. After the district court issued its order of January 15, 1993, enjoining RTC-Receiver from evicting the Law Offices of H. Wallace Parker as tenant from the premises of the building, WPC Corporation, who was representing Parker as tenant, and RTC-Receiver entered into a Settlement Agreement in which it was agreed that the parties "will not institute hereafter any action" that one may have against the other "including but not limited to the ... Assignment of Rents, Writ of Restitution, and Eviction," which had precipitated the state court eviction proceeding, which the district court had enjoined. In exchange for a consent judgment in its favor of $500,000, RTC-Receiver agreed to a general Mutual Release of Claims and Covenant Not to Sue in regard to the eviction proceeding, which was dismissed by the state court. Thus, because of the Settlement Agreement, at present there is no live "case" or "controversy" between the parties, and the relief requested--the reversing of the injunction--would have no legal effect. Therefore, this appeal is moot.
 
 III.
 
 14
 We must next decide whether the district court's January 15, 1993 order should be vacated.
 
 
 15
 As the Supreme Court stated in United States v. Munsingwear, Inc., 340 U.S. 36 (1950), the standard disposition in dealing with a federal civil case, which has become moot pending an appeal on the merits, is to reverse or vacate the judgment below and remand with direction to dismiss. Id. at 39, n. 2. As this court stated in WJW-T.V., Inc. v. City of Cleveland, 878 F.2d 906, 912 (6th Cir.), cert. denied, 493 U.S. 819 (1989), a judgment, which is unreviewable because of mootness, should be vacated to prevent it from "spawning any legal consequences." See also Neighbors Organized To Insure a Sound Env., Inc. v. McArtor, 878 F.2d 174, 179 (6th Cir.1989) (because the appeal has become moot, the district court's order is vacated so that it "will have no legal consequences"); United States v. Cleveland Elec. Illuminating Co., 689 F.2d 66, 68 (6th Cir.1982) (a judgment, unreviewable because of mootness, should be vacated).
 
 
 16
 Accordingly, the January 15, 1993 order of the United States District Court for the Eastern District of Michigan is hereby VACATED, and the case is REMANDED to the district court with instructions to dismiss the complaint on mootness grounds.
 
 
 
 [1]
 Although the Woodward-Parker Corporation and the law offices of H. Wallace Parker are separate legal entities, both entities are owned and controlled by the same person, H. Wallace Parker
 
 
 [2]
 During the course of this litigation, the Guaranty Bank was placed in receivership and ultimately the Resolution Trust Corporation succeeded to the Guaranty Bank's rights under the Construction Loan Agreement with Woodward Parker Corporation and was substituted as a party in these cases