101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Victor R. POLEWSKY, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Department of Health and
Human Services, Defendant-Appellee.
 No. 95-6125.
 United States Court of Appeals, Second Circuit.
 March 12, 1996.
 
 APPEARING FOR APPELLANT:Victor R. Polewsky, pro se, Chelsea, VT.
 APPEARING FOR APPELLEE:Tristram Coffin, Assistant United States Attorney, Burlington, VT.
 D.Vt.
 AFFIRMED.
 Present: MINER, JACOBS, and CABRANES, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Vermont, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued.
 Plaintiff-appellant Victor R. Polewsky appeals pro se from a judgment entered on April 13, 1995 in the United States District Court for the District of Vermont (Billings, J.), adopting the Report and Recommendation of the magistrate judge (Niedermeier, J.), granting summary judgment in favor of the defendant and dismissing the complaint.
 
 
 1
 In June of 1993, Polewsky went to the Montpelier, Vermont office of defendant-appellee Social Security Administration ("SSA") of the Department of Health and Human Services ("HHS"), and orally requested copies of "administrative law decisions involving administrative appeals of adverse agency determinations." He was told that the office did not have any copies of such decisions. On June 30, 1993, Polewsky returned to the SSA office and, pursuant to the Privacy Act (the "Privacy Act"), 5 U.S.C. § 552a, requested access to the records pertaining to his claim for social security benefits and his participation in the supplemental security income program. Polewsky was provided with his file, with the medical records removed. Polewsky was advised by the operations supervisor of the office that he would have to designate a health professional or other responsible individual to receive the medical records. Under 45 C.F.R. § 5b.6, the HHS allows an individual to have access to his medical records. However, if the HHS determines that direct access is likely to have an adverse effect on the requester, then the requester must designate a representative to accept delivery of the records. Polewsky, however, refused to designate a representative.
 
 
 2
 On July 15, 1993, Polewsky filed the instant complaint against the SSA. He alleged that the SSA had violated provisions of the Privacy Act because the SSA did not give him direct access to his medical records. In addition, Polewsky claimed that the SSA had violated provisions of the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, by not providing him with the administrative decisions that he sought. Polewsky demanded damages, costs, and attorney's fees.
 
 
 3
 On June 1, 1994, the government moved to dismiss the action pursuant to Fed.R.Civ.P. 12 or, in the alternative, for summary judgment. On July 19, 1994, Polewsky returned to the Montpelier office and designated a representative to receive the medical records. The records were given to the representative, who, after review, provided the records to Polewsky. On August 26, 1994, Polewsky filed a letter opposing the government's June 1st motion. On September 1, 1994, the government amended its June 1st motion and argued that Polewsky's Privacy Act claim was moot because he had been provided with access to his medical records through his appointed representative.
 
 
 4
 On March 31, 1995, the magistrate judge issued his Report and Recommendation, concluding that the government's motion for summary judgment should be granted. The magistrate judge determined that Polewsky had not exhausted his administrative remedies with respect to his FOIA claim. The magistrate judge also found that Polewsky's Privacy Act claim had become moot once he received the requested medical documents. On April 13, 1995, the district court adopted the magistrate judge's Report and Recommendation, and granted the government's motion for summary judgment and dismissed the complaint. Judgment for the government was entered on that same day.
 
 
 5
 On appeal, Polewsky argues that the district court erred in finding that his claim that the SSA violated the Privacy Act is moot. We disagree. An actual controversy must exist at all stages of review and not merely at the moment the action is initiated. Roe v. Wade, 410 U.S. 113, 125 (1973). Where a litigant receives the documents he seeks, an action to compel the production of the documents becomes moot. See, e.g., Anderson v. United States Dep't of Health & Human Servs., 3 F.3d 1383, 1384 (10th Cir.1993); Constangy, Brooks & Smith v. NLRB, 851 F.2d 839, 842 (6th Cir.1988). In the present case, Polewsky received the relief he requested when he was given access to his medical records by his representative.
 
 
 6
 Polewsky, however, contends that this case is "capable of repetition, yet evading review," and should not be dismissed for mootness. See Roe, 410 U.S. at 125 (quotation omitted). This contention is meritless. Polewsky received the relief he requested when he was given access to his medical records by his representative. This is unlike the situation in Roe where, because of the fixed gestation period that is inherent in pregnancy, the plaintiff had no control over whether the controversy could evade review. Polewsky decided voluntarily to designate a representative. Although this issue is capable of repetition when, and if, Polewsky makes a future request for medical records, it has not been shown to evade review.
 
 
 7
 Polewsky also argues that he is entitled to damages, costs, and attorney's fees, pursuant to §§ 552a(g)(3)(B), 552a(g)(4), and 552(a)(4)(E). This claim is without merit. Polewsky has not shown that any alleged deprivation of medical records was "intentional or willful." See § 552a(g)(4). Nor has Polewsky "substantially prevailed" in the action. See §§ 552a(g)(3)(B), 552(a)(4)(E); see also Vermont Low Income Advocacy Council, Inc. v. Usery, 546 F.2d 509, 513 (2d Cir.1976).
 
 
 8
 Finally, Polewsky argued in his pre-argument statement filed with this Court that the SSA had violated provisions of FOIA. However, he did not discuss this claim in either his appellate brief or his reply brief. Accordingly, Polewsky has abandoned this claim, and we do not address it. See LoSacco v. City of Middleton, 71 F.3d 88, 92-93 (2d Cir.1995).