NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1153n.06

Nos. 11-2273/11-2274/11-2549

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 08, 2012*
DEBORAH S. HUNT, Clerk

RAGHEED AKRAWI,

    Plaintiff-Appellee/Cross-Appellant,

v.

JOHN REMILLET; BARBARA SAMPSON,

    Defendants-Appellants/Cross-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

Before: NORRIS, McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Michigan's Parole Board discharged Rageed Akrawi from parole by mistake and in violation of Michigan law. Once the Board discovered its error, it put him back on parole without giving him a hearing. Akrawi sued the defendants–both of whom are Board officials—in their official and individual capacities, alleging that they had deprived him of his due process rights. The district court granted partial summary judgment to Akrawi. The court ordered the defendants, in their official capacities, to give Akrawi a hearing on the question whether he should remain on parole. The court also awarded attorney's fees and costs to Akrawi. The court granted qualified immunity to the defendants in their individual capacities on Akrawi's remaining claims.

The defendants now appeal the hearing order and the fee award. Akrawi cross-appeals the grant of qualified immunity. We conclude that the defendants' appeal of the hearing order is moot, and affirm the fee award and qualified immunity decisions.

In 1991, a jury convicted Akrawi of conspiracy to deliver and manufacture over 650 grams of cocaine, in violation of Mich. Comp. Laws § 333.7401(2)(a)(1). The crime then carried a sentence of life without parole. In 1999, the legislature reduced the punishment to life with parole. In 2008, the Parole Board released Akrawi on parole for a four-year term. In March 2010, the Board discharged Akrawi from parole early. Defendant John Remillet approved the discharge. Four months later, defendant Barbara Sampson, chair of the Parole Board, realized that Akrawi's early discharge had violated a Michigan statute. *See* Mich. Comp. Laws § 791.234(8)(d). She promptly placed Akrawi back on parole.

Akrawi thereafter filed this suit under 42 U.S.C. § 1983. The district court held that the defendants violated Akrawi's right to due process when they returned him to parole without a hearing. As relief, the court ordered the defendants to grant him one. But the court also held that Akrawi's right to a hearing was not clearly established, and thus granted the defendants qualified immunity in their individual capacities. Finally, the court awarded $32,220 in attorney's fees to Akrawi as the "prevailing party" in the case. *See* 42 U.S.C. § 1988. The defendants provided Akrawi with the ordered hearing in November 2011. About two weeks later, the Michigan Department of Corrections determined that Akrawi should remain on parole.

So the defendants now challenge an order requiring them to hold a hearing they have already held. That challenge is moot. *See Constangy, Brooks & Smith v. Nat. Labor Relations Bd.*, 851 F.2d

839, 841–42 (6th Cir. 1988). We certainly do not fault the defendants for their compliance with the district court's order; but if they wanted to challenge it, they should have sought a stay of the order from this court. *See, e.g.*, *Am. Civil Liberties Union v. Nat'l Sec. Agency*, 497 F.3d 590, 591 (6th Cir. 2007) (order granting stay pending appeal).

We next consider Akrawi's challenge to the district court's decision that the defendants were entitled to qualified immunity in their individual capacities. We review that decision de novo. *Patrizi v. Huff*, 690 F.3d 459, 463 (6th Cir. 2012).

A defendant who violates a plaintiff's constitutional right is entitled to qualified immunity if the right was not clearly established such that "a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2002), *abrogated in part by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A right is clearly established so long as "existing precedent . . . placed the . . . constitutional question beyond debate." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011).

Akrawi argues that the United States Supreme Court's decision in *Morrissey v. Brewer*, 408 U.S. 471 (1972), clearly established his right to a hearing before being placed back on parole. There, the Court held that a parolee is entitled to a hearing before he is returned to prison for a parole violation. The Court reasoned that "[w]hether any procedural protections are due depends on the extent to which an individual will be condemned to suffer grievous loss." *Id.* at 481. And the Court held that a parolee is due some process before being returned to prison, because "the liberty of a parolee . . . includes many of the core values of unqualified liberty, and [parole] termination inflicts a grievous loss on the parolee[.]" *Id.* at 482.

But *Morrissey* does not speak to whether a return to parole, as opposed to a return to prison, constitutes a "grievous loss." And a return to parole is all we have here. The reasoning in *Morrissey* therefore does not place "beyond debate" Akrawi's contention that he was entitled to a hearing. *See al-Kidd*, 131 S. Ct. at 2083.

Akrawi also argues that four Michigan state court cases clearly established his right to a hearing. But we look to federal, not state, case law to determine whether a constitutional right is clearly established. *See Clemente v. Vaslo*, 679 F.3d 482, 490 (6th Cir. 2012) ("We look first to the decisions of the Supreme Court, and then to the case law of this circuit in determining whether the right claimed was clearly established when the action complained of occurred"). Hence this argument too is meritless.

That leaves the question whether the district court was correct to award Akrawi all of the attorney's fees he requested under 42 U.S.C. § 1988. The defendants argue that the district court should have awarded Akrawi only 50% of his fee request because he did not obtain all of the relief he sought. We review the fee award for an abuse of discretion. *Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 437 (6th Cir. 2009).

"When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorneys fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008). We have therefore "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005). Here, the

defendants are arguing for just such a mechanical reduction, even though all of Akrawi's claims were based on a common core of facts. And Akrawi prevailed on his central claim—that the defendants violated his right to due process. The fact that the district court rejected Akrawi's claim for monetary damages does not mean that he is not entitled to a full award of fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The district court did not abuse its discretion by awarding the full amount of fees requested here. Relatedly, we reject as meritless the defendants' contention that the district court should have based its fee award upon an hourly rate of $250, rather than $300.

The district court's grant of summary judgment to the defendants in their individual capacities is affirmed. The court's order awarding attorney's fees and costs is also affirmed.